IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVSON

HOUSTON CASUALTY COMPANY
as Subrogee of CFA Institute

**Case No.**

Plaintiff

MARRIOTT CORPORATION d/b/a
ATLANTA MARRIOTT MARQUIS,

Defendant

## COMPLAINT

Houston Casualty Company as subrogee of CFA Institute ("HCC"), by its attorneys, Chartwell Law, as and for its complaint against Marriott Corporation d/b/a Atlanta Marriot Marquis ("Marriott"), respectfully alleges the following:

## THE PARTIES

**PLAINTIFF**

1. At all times hereinafter mentioned, HCC is a corporation duly organized and existing under and by virtue of the laws of the State of Texas and has its principal place of business in the State of Texas.

2. At all times hereinafter mentioned, HCC was and is duly authorized to conduct business in the State of Georgia.

3. Upon information and belief, CFA Institute is a non-for-profit professional company organized under the law of Virginia, with its principal place of business located at 915 E High Street, Charlottesville, VA 22902.

**DEFENDANT**

4. Upon information and belief, at all times hereinafter mentioned, Marriott is a company organized under the laws of the State of Delaware, with its principal place of business located in the State of Maryland.

5. Upon information and belief, at all times hereinafter mentioned, Marriott is authorized to conduct business within the State of Georgia.

## JURISDICTION AND VENUE

6. The federal judicial district identified in the Short form Complaint has subject-matter jurisdiction over this action pursuant to 28 U.S.C. 1332(a) based on complete diversity of citizenship between Plaintiff and Defendant. The amount in controversy exceeds $75,000.

7. Consistent with the Due Process Clause of the Fifth and Fourteenth Amendments, Defendant is subject to personal jurisdiction in the federal judicial district identified in the Short Form Complaint.

8. A substantial part of the events and omission giving rise to Plaintiff's causes of action occurred in the federal judicial district identified in the Short Form Complaint. Venue is proper in said district pursuant to 28 U.S.C. 139(a).

## FACTS COMMON TO ALL COUNTS

9. On or about April 13, 2017, CFA entered into a written contract with Marriott (the "Agreement") whereby Marriott agreed to host the 2020 Global Society Leadership Conference (the "Event") at the premises located at 265 Peachtree Center Avenue, Atlanta, GA, from May 11, 2020 until May 20, 2020.

10. The Agreement reflected that CFA would utilize 1,885 room nights between May 11, 2020 and May 20, 2020 (the "Room Night Commitment").

11. The Agreement required CFA to pay Marriott liquidated damages if CFA canceled or otherwise abandoned its planned use of the Room Night Commitment (the "Cancellation Fee").

12. The Agreement, among other things, contained a "Force Majeure" clause, providing that:

> If either party is forced to cancel the event for reasons beyond its control or is prevented from or delayed in performing any act required of it and such prevention or delay is caused by disruption due to construction activities, strikes, labor disputes, Acts of God, government restrictions, health crises, travel restrictions, judicial orders, fire or other casualty, civil commotion or which prevents 45% or more of Group's attendees from attending the event or causes beyond its reasonable control, or if performance would foreseeably invoice either party in or subject it to the effects of labor dispute and the party withholds or delay's performance, CFA Institute and hotel shall have no liability and all deposits must be returned.

13. HCC issued an Event Cancellation Policy to CFA, bearing policy number 19/7000971, which expressly insured the Event.

14. On January 30, 2020, the Centers for Disease Control and Prevention (CDC) confirmed the spread of the COVID-19 virus to the United States.

15. On January 30, 2020, the World Health Organization declared that the outbreak of the COVID-19 virus constituted a Public Health Emergency of International Concern.

16. On January 31, 2020, the Secretary of the Department of Health and Human Services (HHS) determined that a public health emergency existed as a result of confirmed cases of COVID-19 in the United States as of January 27, 2020.

17. On February 19, 2020, in recognition of the foregoing and in good faith, CFA announced that it was canceling the Event due to impeding government orders related to the outbreak of COVID-19 and to ensure the well-being of its employees and affiliates.

18. As anticipated by CFA, on March 14, 2020, the Governor of the State of Georgia issued Executive Order 03.14.20.01 declaring a Public Health State of Emergency in the State of Georgia arising out of the COVID-19 pandemic. The Governor's Executive Orders 04.08.20.02 and 04.30.01 extended the declaration of a Public Health State of Emergency through June 12, 2020.

19. On April 2, 2020, the Governor of the State of Georgia issued Executive Order 04.02.20.02 prohibiting all non-essential gatherings of any number of individuals. The Governor's Executive Orders 04.08.20.02 and 04.30.01 extended the terms of Executive Order 04.02.20.02 through June 12, 2020.

20. On April 5, 2020, the Mayor of the City of Atlanta issued Executive Order 2020-29 enforcing the Governor's Executive Order 04.02.20.01 by prohibiting all non-essential gatherings of any number of individuals on the City of Atlanta property.

21. On or about April 10, 2020, despite initially refusing to pay the Cancellation Fee based on the Agreement's Force Majeure provision, CFA tendered $479,895 to Marriott. HCC subsequently reimbursed CFA for the $479,895 payment to Marriott under the terms of the Policy.

22. By virtue of the foregoing executive orders, for the period of March 2020 through at least June 2020, indoor events, including, but not limited to conferences, were either not permitted or were permitted only with a severely limited capacity.

23. By virtue of the foregoing, the ability of Marriott to satisfy its obligations pursuant to the terms of the Agreement, including but not limited to hosting the Event, was impossible.

24. By virtue of the foregoing, the ability of CFA to satisfy its obligations pursuant to the terms of the Agreement, including but not limited to utilizing 1,885 rooms between May 11, 2020 and May 20, 2020, was impossible.

25. By virtue of the foregoing, the Event, as contemplated pursuant to the terms of the Agreement, was impossible.

26. By virtue of the foregoing, the Event, as contemplated pursuant to the terms of the Agreement, was illegal.

27. By virtue of all of the foregoing executive orders, all of which were unforeseeable at the time that the Agreement was entered into and which resulted from no act of either Marriott or CFA, the parties' intentions with respect to the Agreement were frustrated, became impossible, illegal and/or impracticable.

## CAUSES OF ACTION

### COUNT I
### Breach of Contract

28. HCC repeats and reiterates the allegations contained in paragraphs "1" through "24" as if more fully set forth herein.

29. The Event, as contemplated by the Agreement, was impossible and/or illegal.

30. HCC and CFA made demand for the return of the Cancellation Fee from Marriott.

31. Despite due demand, Marriott unjustifiably refused to return the Cancellation Fee.

32. As a result of Marriott's refusal to return the Cancellation Fee to CFA, HCC indemnified CFA under the Policy, and in so doing, became subrogated to its rights against defendant Marriott.

33. By reason thereof, HCC has been damaged in the sum of $479,895.

34. Premised upon the foregoing, Plaintiff seeks the issuance of an order granting judgment in its favor and against Marriott in the sum of not less than $479,895, together with interest and costs.

## COUNT II
## Unjust Enrichment

35. HCC repeats and reiterates the allegations contained in paragraphs "1" through "31" as if more fully set forth herein.

36. The ability of Marriott to conduct the Event and CFA's desire to hold the Event, without travel limits or other restrictions on attendance arising out of the State of Georgia and City of Atlanta quarantine rules and/or COVID-19 testing, were immutable conditions without which CFA would not have entered into the Agreement.

37. The imposition of the cited Executive Orders has frustrated the purpose of the Agreement and rendered the purpose of the Agreement impossible and impracticable.

38. The imposition of the cited Executive Orders was unforeseeable and not contemplated by the parties as of the date of the execution of the Agreement.

39. The Cancellation Fee constitutes an unjust enrichment to Marriott for which CFA did not receive adequate consideration.

40. Plaintiff insured CFA against such damage, indemnified it in the amount of $479,895, and became subrogated to its rights against defendant Marriott.

41. HCC lacks an adequate remedy at law.

42. Under principles of good conscience and equity, Marriott should not be permitted to retain the Cancellation Fee.

43. Premised upon the foregoing, Plaintiff is entitled to the issuance of an order directing that Marriott return the Cancellation Fee in the sum of $479,895 to Plaintiff, together with interest and costs.

## **PRAYER FOR RELIEF**

**WHEREFORE**, HCC is entitled to:

    a. On the first cause of action, the issuance of an order granting judgment in its favor and against the Defendant in the sum of not less than $479,895, together with interest and costs.

    b. On the second cause of action, the issuance of an order directing that Defendant return the Cancellation Fee in the sum of $479,895 to the Plaintiff, together with interest and costs.

   c. For such other and further relief as the Court deems just and proper.

Dated:
 April 5, 2022

          **CHARTWELL LAW**

         <u>/s/Robert A. Luskin</u>
        Robert A. Luskin, Esq.
        GA State Bar no. 004383
        rluskin@chartwelllaw.com
        5051 Peachtree Corners Circle, Unit 200
        Norcross, GA 30092
        Phone - (470) 397-0950
        Fax - (404) 219-3784
        *Attorneys for Plaintiff*

## **FONT CERTIFICATION**

Pursuant to Local Rule 7.1D, I hereby certify that the foregoing document was prepared using Times New Roman 14-point type as provided in Local Rule 5.1

**CHARTWELL LAW**

/s/Robert A. Luskin
Robert A. Luskin, Esq.
GA State Bar no. 004383
rluskin@chartwelllaw.com
5051 Peachtree Corners Circle, Unit 200
Norcross, GA 30092
Phone - (470) 397-0950
Fax - (404) 219-3784
*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

This is to certify that I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will automatically send e-mail notification of such filing to the CM/ECF participants registered to receive service.

Marriott International, Inc.
10400 Fernwood Road
Bethesda, MD 20817

**CHARTWELL LAW**

/s/Robert A. Luskin
Robert A. Luskin, Esq.
GA State Bar no. 004383
rluskin@chartwelllaw.com
5051 Peachtree Corners Circle, Unit 200
Norcross, GA 30092
Phone - (470) 397-0950
Fax - (404) 219-3784